OPINION *Page 2 
{¶ 1} Defendant-Appellant Kevin D. Owens appeals denial of his motion to vacate the order of restitution entered by the Stark County Court of Common Pleas in 2006.
 {¶ 2} Plaintiff-Appellee is the State of Ohio.
 STATEMENT OF THE FACTS AND CASE {¶ 3} The relevant facts are as follows:
 {¶ 4} In 2006, Appellant Kevin D. Owens was indicted in three separate cases filed in March, May and September, all for non-support of dependents.
 {¶ 5} On December 4, 2006, Appellant entered pleas of guilty in each case. After ordering and receiving a pre-sentence investigation, the trial court sentenced Appellant to five years of community control and ordered him to make restitution in each case as one of the conditions of his community control.
 {¶ 6} In August, 2007, a motion to revoke or modify Appellant's probation was filed. Following a hearing on said motion, the trial court found Appellant had violated the conditions of his community control, revoked same and sentenced Appellant to eleven (11) months on each of the four counts, to be served consecutively, for an aggregate total of forty-four (44) months. The sentencing entries were docketed on September 6, 2007, and September 12, 2007. Appellant did not appeal his convictions or sentences.
 {¶ 7} In September, 2008, Appellant filed a motion for a delayed appeal with this Court, which was denied on October 1, 2008. *Page 3 
 {¶ 8} On December 18, 2008, Appellant filed a motion with the trial court to vacate the imposition of restitution in each of his three cases.
 {¶ 9} By Judgment Entry filed December 23, 2008, the trial court denied said motion.
 {¶ 10} Appellant filed the instant appeal to challenge the trial court's ruling, assigning the following errors for review:
 ASSIGNMENTS OF ERROR {¶ 11} "I. THE TRIAL COURT ABUSED ITS DISCRETION IN ASSESSING RESTITUTION FOR NONSUPPORT OF DEPENDENTS CONVICTIONS.
 {¶ 12} "II. THE TRIAL COURT ERRONEOUSLY EXERCISED ITS JURISDICTION IN MATTERS OF RESTITUTION."
 {¶ 13} This case comes to us on the accelerated calendar governed by App. R. 11.1, which states the following in pertinent part:
 {¶ 14} "(E) Determination and judgment on appeal
 {¶ 15} "The appeal will be determined as provided by App. R. 11.1. It shall be sufficient compliance with App. R. 12(A) for the statement of the reason for the court's decision as to each error to be in brief and conclusionary form.
 {¶ 16} The decision may be by judgment entry in which case it will not be published in any form."
 I., II. {¶ 17} We shall address Appellant's assignments of error simultaneously as they both assign error to the trial court's imposition of restitution as part of his sentence in his three separate criminal cases for non-support of his four children. Appellant argues that *Page 4 
the trial court erred in denying his motion to vacate that part of the sentence that imposed restitution. We disagree.
 {¶ 18} Upon review, we find Appellant, through his motion to vacate the imposition of restitution, is attempting to appeal his sentence which was journalized on January 16, 2007. Appellant's arguments about his sentence were available on direct appeal, but Appellant failed to file a direct appeal of his sentence. Under the doctrine of res judicata, Appellant cannot now indirectly appeal said sentence through the instant motion to vacate.
 {¶ 19} Accordingly, we hereby overrule Appellant's assignments of error.
 {¶ 20} For the reasons stated in the foregoing opinion, the judgment of the Court of Common Pleas of Stark County, Ohio, is affirmed.
Wise, J. Farmer, P. J., and Hoffman, J., concur. *Page 5 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Stark County, Ohio, is affirmed. Costs assessed to Appellant. *Page 1